IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMERICAN GENERAL LIFE &          No.  CIV.S-05-1295 GEB DAD
ACCIDENT INSURANCE COMPANY,

       Plaintiff,

   v.                       <u>FINDINGS AND RECOMMENDATIONS</u>

VINCENT BROTHERS, et al.,

       Defendants.
_____/

      This matter came before the court on December 16, 2005, for hearing on plaintiff's motion for default judgment.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion be granted.

**PROCEDURAL BACKGROUND**

      Plaintiff American General Life & Accident Insurance Company initiated this interpleader action (28 U.S.C. § 1335) by filing its complaint on June 27, 2005.  Plaintiff's complaint seeks interpleader and declaratory relief.  Despite being served with

1

1  process, defendant Vincent Brothers has failed to appear in this
2  action.  Pursuant to plaintiff's request, the Clerk of the Court
3  entered default against defendant Brothers.  Plaintiff filed the
4  instant motion, noticing it to be heard before the undersigned
5  pursuant to Local Rule 72-302(c)(19).  Michael K. Brisbane appeared
6  at the hearing on the motion on behalf of plaintiff.  Despite being
7  served with all papers filed in connection with the motion, there was
8  no appearance on behalf of defendant Brothers.

## LEGAL STANDARD

10         Federal Rule of Civil Procedure 55(b)(2) governs
11 applications to the court for default judgment.  Upon entry of
12 default, the complaint's factual allegations regarding liability are
13 taken as true, while allegations regarding the amount of damages must
14 be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722
15 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group,
16 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v.
17 Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are
18 liquidated (i.e., capable of ascertainment from definite figures
19 contained in the documentary evidence or in detailed affidavits),
20 judgment by default may be entered without a damages hearing.  See
21 Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages,
22 however, require "proving up" at an evidentiary hearing or through
23 other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6
24 F.3d 307, 310 (5th Cir. 1993).
25 /////
26 /////

2

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

According to the complaint, plaintiff issued a term life insurance policy to Marques Harper in 1999 in the face amount of $25,000. The primary beneficiary on the policy was Joanie Harper (Marques Harper's mother) and the secondary beneficiary was Earnestine Harper (Marques Harper's grandmother). According to the complaint, Marques Harper, Joanie Harper and Earnestine Harper were murdered on July 8, 2003. It is unknown, based on information which plaintiff has obtained from law enforcement officials, whether Marques Harper (the insured) preceded Joanie Harper (the primary beneficiary) in death. This fact is relevant to the determination of the proper beneficiary under the policy and therefore relevant to who is entitled to the proceeds.

3

1  The complaint further alleges that Marques Harper is
2 survived by his father, defendant Vincent Brothers.  Defendant
3 Brothers presently is incarcerated at Kern County Jail awaiting trial
4 on charges of murdering Marques Harper, Joanie Harper and Earnestine
5 Harper.  According to the complaint, defendant Brothers may have a
6 claim to the life insurance proceeds but would not be entitled to
7 them if he were convicted of murder.  See California Probate Code §
8 250.

9  In 2004, defendants Linda Piggee, Eddie Harper, Helen Elain
10 Byrd and Robert Harper submitted claims for benefits under the
11 policy.  Linda Piggee, Eddie Harper, Helen Elain Byrd and Robert
12 Harper are the siblings of Joanie Harper and the children of
13 Earnestine Harper.  Plaintiff filed this action for interpleader and
14 declaratory relief as a disinterested stakeholder to determine who
15 should receive the proceeds of the policy.  Plaintiff has deposited
16 with the Clerk of the Court the sum of $28,963.80, which represents
17 the policy proceeds plus interest. Defendants Linda Piggee, Eddie
18 Harper, Helen Elain Byrd and Robert Harper have answered and appeared
19 in this action through the same counsel, Dawn O. Bittleston of Klein,
20 DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP.[1]

21  As indicated above, the complaint alleges claims for
22 interpleader and declaratory relief.  The complaint prays for a

---

[1] Despite their counsel having been served with this motion, these defendants have not filed a response to it.  Counsel for plaintiff represented at the hearing that defendants Linda Piggee, Eddie Harper, Helen Elain Byrd and Robert Harper have no opposition to the motion for default judgment as to defendant Brothers.

4

1 decree that this is a proper cause for interpleader and that the sum
2 of $28,963.80 be deposited in the court's registry held in an
3 interest bearing account.  The complaint further prays that
4 defendants be compelled to interplead or settle among themselves
5 their respective claims to the proceeds and be restrained from
6 instituting any proceeding against plaintiff regarding the policy.
7 Plaintiff also seeks to be discharged from all liability under the
8 policy.  Finally, the complaint prays for reasonable attorney's fees
9 and costs and declaratory relief that plaintiff is properly
10 withholding policy proceeds in light of the statutory requirements
11 set forth in California Probate Code § 250 and the simultaneous
12 deaths of the insured and beneficiaries.
13        Weighing the factors outlined in Eitel v. McCool, 782 F.2d
14 at 1471-72, the undersigned has determined that default judgment
15 against defendant Brothers is appropriate.  Defendant Brothers has
16 made no showing that his failure to respond to the complaint is due
17 to excusable neglect.  There is no reason to doubt the merits of
18 plaintiff's substantive claim, nor is there any apparent possibility
19 of a dispute concerning the material facts underlying the action.
20 Since plaintiff only seeks declaratory relief and a relatively small
21 amount of costs, the amount of money at stake is not an issue.
22 Plaintiff's complaint is also sufficient.  Because each of these
23 factors weigh in plaintiff's favor, the undersigned, while
24 recognizing the public policy favoring decisions on the merits, will
25 recommend that default judgment be granted.
26 /////

After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment. As indicated above, plaintiff does not seek money damages. Rather, consistent with the prayer in the complaint plaintiff now seeks declaratory relief that this is a proper cause for interpleader and costs of suit. Plaintiff also seeks relief permanently enjoining defendant Brothers from instituting any proceeding against plaintiff with respect to the policy and releasing plaintiff from any liability to defendant Brothers under that policy. Plaintiff is entitled to the requested relief. "It has been held that '[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.'" Amoco Production Co. v. Aspen Group, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999)(quoting Gulf Coast Galvanizing, Inc. v. Steel Sales Co., 826 F. Supp. 197, 203 (S.D. Miss. 1993)). See also Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983)(defaults of interpleader defendants "did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage," in which adverse claimants' rights to the fund are settled). Accordingly, the undersigned will recommend that the district court grant default judgment as requested.

/////

6

Finally, plaintiff's moving papers establish costs incurred in the amount of $1,200.30.  Plaintiff's claimed costs are reasonable and plaintiff has demonstrated that it is entitled to such costs in the first instance.  See Fed. R. Civ. P. 54(d)("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs"); Gelfgren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982)("In an interpleader action, it is within the court's discretion to award costs to the stakeholder.").  Therefore, the undersigned will further recommend that plaintiff's request for costs be granted.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment be granted;

2. The district court enter the default judgment of defendant Vincent Brothers in favor of plaintiff; and

3. The district judge assigned to this matter sign the proposed order filed in this regard on November 9, 2005 (Doc. no. 23).

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal

1  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2  Cir. 1991).
3  DATED: December 20, 2005.

                                       /s/ Dale A. Drozd
                                       DALE A. DROZD
                                       UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\americangeneral1295.default.judg